IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WALTER RODGERS, #K1467                                              PETITIONER

VS.                                            CIVIL ACTION NO.   1:05CV0216-GHD-JAD

LAWRENCE KELLY, ET AL.                                                    RESPONDENTS

REPORT AND RECOMMENDATION

The undersigned has considered the respondents' motion to dismiss (Doc. 20) asserting that the petition is untimely or alternatively that the petition should be dismissed for failure to exhaust. The petitioner has filed a motion to dismiss the petition without prejudice (Doc. 22). For the reasons set forth below, the respondents' motion to dismiss with prejudice should be granted and the petitioner's motion to dismiss without prejudice denied.

A federal petition for writ of habeas corpus challenging a state court judgment must generally be filed within one year of the date the judgment of conviction becomes final, with tolling for the time properly filed applications for state post-conviction remedies are pending. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the
> expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of
> the Constitution or the laws of the United States is removed, if the applicant was prevented from
> filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

On February 17, 2000, James Walter Rodgers was convicted of murder in the Circuit Court of Lee County, Mississippi, and was sentenced to serve a term of life. On September 27, 2001, the Mississippi Supreme Court affirmed Rodgers' conviction and sentence. *Rodgers v. State,* 796 So. 2d 1022 (Miss. 2001). Because the United States Supreme Court allows ninety days for the filing of a petition for writ of certiorari, and those days must run before the conviction becomes final, Rodgers' conviction became final on December 26, 2001. The record shows that Rodgers did not file any state application for post conviction relief until December 26, 2002, which does not cause any tolling of the statute. Therefore Rodgers time for filing a petition in this court ran on or about December 26, 2002.

Under the mailbox rule Rodgers federal habeas petition was filed between September 11, 2005 and September 14, 2005, long after the running of the federal time limits. A review of the record shows that none of the statutory exceptions, which would restart the running of the statute, are applicable to this case. There is no showing of exceptional circumstances to justify equitable tolling. Rodgers waited too late to file. His petition is barred by the applicable statute of limitation.

The undersigned recommends that this action be dismissed with prejudice as time barred. The petitioner's motion to dismiss without prejudice should be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of April, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE